CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com
ATTORNEYS FOR PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN JOSE DIVISION

MARIO V.; GERALDINE JULIE B.; I.G.V., a minor by and through Guardian At Litem, MARIO V.; OSCAR G.; CHRISTINA G.; O.D.G., a minor by and through Guardian At Litem, CHRISTINA G.; Y.P., a minor by and through Guardian At Litem, CHRISTINA G.; HUGO P.; ALICIA P.; A.P.H., a minor by and through Guardian At Litem, ALICIA P., and other Similarly Situated Plaintiffs,

            Plaintiffs,

    vs.

ALISAL UNION SCHOOL DISTRICT, OSCAR F. LOYA ELEMENTARY SCHOOL, HENRY AMENTA, DIANA GARCIA, AND DOES 1 THROUGH 50, INCLUSIVE,

            Defendants.

Case No.:

A CLASS ACTION COMPLAINT
Fed. Rule 23(a)

**COMPLAINT FOR DAMAGES**

**FEDERAL CLAIMS**
1. VIOLATION OF 14th AMENDMENT LIBERTY INTEREST 42 U.S.C. 1983
2. VIOLATIONOF 4th AMENDMENT INVASION OF PRIVACY 42 U.S.C.1983
3. VIOLATION OF CIVIL RIGHTS MONEL ACTION 42 U.S.C. 1983
4. FAILURE TO TRAIN/HIRE/ SUPERVISE 42 U.S.C. 1983

**STATE CLAIMS**
5. NEGLIGENCE CALIFORNIA GOVERNMENT CODE § 815.2
6. FAILURE TO TRAIN/HIRE/ SUPERVISE CALIFORNIA CODE REGULATIONS, TITLE 5, § 5551
7. ASSAULT
8. BATTERY
9. FALSE IMPRISONMENT
10. CONCEALMENT
11. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**JURY TRIAL DEMANDED**

## I.   **INTRODUCTION**

This is a Class Action brought by students and minor children and their parents for constitutional, federal and State Law violations. Plaintiffs bring this action on behalf of themselves, and others similarly situated. This is an action for monetary damages from Alisal Union School District, (hereinafter "DISTRICT") and punitive damages against Diana Garcia, *in her individual capacity* as Principal of Dr. Oscar F. Loya Elementary School, Henry Amenta, *in his individual capacity* as teacher at Dr. Oscar F. Loya Elementary, and DOE 1 through 50, inclusive (collectively, "DEFENDANTS"). Plaintiffs allege that Defendants, acting within the course and scope of their employment, permitted a non-medically trained teacher, Henry Amenta, to perform an invasive medical procedure on minor children during school hours while in the course and scope of his employment. Amenta, using the same needle, pricked the fingers, pierced the skin, and extracted blood from multiple minor students without parental notice or consent. The invasive and potentially traumatic procedure exposed each student to the risks of transfer of blood-borne pathogens, infections, and diseases from all other students, causing a lifetime of agony, worry, mental and emotional distress.

## II.   **JURISDICTION AND VENUE**

1.    Plaintiffs bring this action pursuant to the laws of the State of California and 42 U.S.C. § 1983. Jurisdiction is invoked pursuant to 28 U.S.C. § 1331 and 1343 based upon the violations of Plaintiffs' rights under the United States Constitution. Supplemental jurisdiction over Plaintiffs' state law claims is pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this district under 28 U.S.C. §1391(b) because a substantial part of the events giving rise to Plaintiffs' injuries, damages, and harm, including the violation of Plaintiffs' civil rights, occurred in this judicial district.  Further, one or more of the Defendants reside, are headquartered and conduct business in this judicial district.

3.    Defendants are subject to suit in this county and judicial district and are public entities that regularly employ 15 or more persons.  Defendant Alisal Union School District

conducts business and is a government agency operating under the color of state authority in this judicial district.

4.     Plaintiffs allege upon information or belief that Defendants Henry Amenta, Diana Garcia, and Does 1 through 50, are all employees and managing agents of Defendant DISTRICT.

### III.     PARTIES

5.     Representative Parent Plaintiffs Mario V., Christina and Oscar G., and Alicia and Hugo P., are the parents of students enrolled and attending the public school, Dr. Oscar F. Loya Elementary, located at 1505 Cougar Drive, Salinas, CA 93905, operating within the Alisal Union School District.

6.     Representative Minor Plaintiffs I.G.V., O.D.G., Y.P and A.P. are students and minor children enrolled and attending the public school, Dr. Oscar F. Loya Elementary.

7.      Defendant Alisal Union School District ("DISTRICT or AUSD") is a public school district organized and operating under the laws of the State of California. AUSD control and operates Dr. Oscar F. Loya Elementary and other public schools in the Salinas area. A portion of the funding of these schools comes from the state and federal government.

8.     Defendant Diana Garcia is the Principal of Dr. Oscar F. Loya Elementary. Defendant Henry Amenta was a teacher at Dr. Oscar F. Loya Elementary. At all relevant times the DEFENDANTS were acting within the course and scope of their employment by the AUSD as administrator and teacher, respectively.

9.     OTHER SIMILARLY SITUATED PLAINTIFFS, on information and belief, are students and minor children enrolled and attending the public school, Dr. Oscar F. Loya Elementary, and the parents of said students and minor children. Many of these similarly situated students have graduated or transferred from Defendant Alisal Union School District.

10.     Upon information and belief, each of the DEFENDANTS performed, participated in, acquiesced to, or was deliberately indifferent to the acts declared herein, proximately caused the damages averred below and are liable to Plaintiffs for damages and other relief sought.

11.     The identities and capacities of defendants DOES 1 through 50 are presently unknown to Plaintiffs. Thus, Plaintiffs sue these Defendants by fictitious names. Plaintiffs will amend the Complaint to substitute the true names and capacities of the DOE Defendants when ascertained. Plaintiffs are informed, believe, and thereon allege that DOES 1 through 50 are, and were at all times relevant herein, employees and/or agents of AUSD and are responsible for the acts and omissions complained of herein. Defendants DOES 1 through 50 are sued in both their individual and official capacities.

## IV.     FACTUAL ALLEGATIONS APPLICABLE TO ALL MINOR PLAINTIFFS

12.     Minor Plaintiffs were fifth (5th) grade students enrolled and attending public school at Dr. Oscar F. Loya Elementary School during the 2016-2017 and 2017-2018 school years and some years prior.

13.     Defendant Henry Amenta was Minor Plaintiffs' fifth (5th) grade teacher at Dr. Oscar F. Loya Elementary.

14.     On information and belief, Defendant Amenta provided, gave, or sold Gatorade beverages in his classroom to minor fifth (5th) grade students. Amenta used the sales of the beverage to entice minor students to undergo a blood sugar test. Before the conclusion of the school day, Amenta announced to students that he would give them free Gatorade in exchange for staying after school and subjecting themselves to blood sugar testing. Minor plaintiffs stayed after school where Amenta performed the unauthorized and illicit medical procedure.

15.     Amenta repeatedly pricked the fingers of Minor Plaintiffs, using the same needle repeatedly on multiple students, thereby exposing each student to any disease other students may have had, causing a life time of agony, worry, mental and emotional distress

16.     Defendant Henry Amenta at no time provided notice to parents nor obtained parental consent before conducting the medical procedure, in violation of district policy and the civil rights of CLASS PLAINTIFFS.

17.     Defendant Diana Garcia, at all relevant times, was the principal of Oscar F. Loya Elementary School. At all times acting within the scope and capacity of her employment, Defendant Diana Garcia knew, should have known, and was informed that teacher Henry Amenta had been, for several years, extracting blood from minor fifth (5th) grade students who could not and did not understand the health risks of undergoing such a medical procedure, including the dangers of contracting blood-borne pathogens such AIDS, hepatitis C, and other infectious, deadly blood-borne pathogens.

18.     In spite of her knowledge, Defendant Diana Garcia failed to take any corrective and protective action to stop Defendant Amenta's misconduct of pricking the fingers of students over the course of several years. Instead, Garcia acquiesced to, ratified, endorsed, encouraged and promoted the pricking and extracting blood from minor students.

## V.     FACTUAL ALLEGATIONS APPLICABLE TO ALL PARENT PLAINTIFFS

19.     Parent Plaintiffs are parents of the minor fifth (5th) grade students who were subjected to a medical procedure by Defendant teacher, Henry Amenta, without parental notice or consent.

20.     Parents specifically complained to the school principal, Defendant Diana Garcia, about teacher Defendant Henry Amenta's misconduct of pricking the fingers of several students using a blood sugar testing device, piercing the skin, and extracting blood from minor fifth (5th) grade students without parental notice or consent.

21.     Defendant AUSD failed, refused, and with deliberate indifference, refrained from taking protective, remedial, or safety measures to protect the vulnerable school children in spite of AUSD's knowledge of Amenta's continual and serial abuse of children and knowledge that these school children were in need of special care, support, and protection because of their age, and risk of abuse and neglect.  AUSD's failed to provide a safe learning environment to all children in violation of the district's policy and number one priority of providing a safe learning environment to minor Plaintiffs.

22.     On February 9, 2017, Defendant Diana Garcia, school principal, sent a letter to parents of the abused minor students providing a recommendation that the minor students seek expedient medical attention to assess all health risks and provided a date and time for a meeting with parents and administrators to discuss the matter. The letter to parents states as follows:

> [R]ecently, the District was notified that a teacher at Oscar F. Elementary School allegedly pricked the fingers of several students using a blood sugar testing device (e.g. a device used by those with diabetes) . . . **Your child was in this teacher's classroom last school year, 5th grade room #32 and, based on information we received from either you or your child, your child may have been pricked on his/her finger last year.** . .The general recommendation is that all students involved, (those who were pricked) be tested for blood-borne pathogens as soon as possible in order to minimize the possibility of health risk . . . Extreme examples of blood-borne pathogens may include, but are not limited to:
> Hepatitis B, including
> Hepatitis B surface antigen
> Hepatitis B surface antibody
> Hepatitis b core antibody, and
> Hepatitis C antibody test
> HIV Ag/Ab. . . A meeting to review the information in this letter will take place today at 6:00 p.m. in the school's library. (Emphasis added).

23.     On information and belief, the letter was selectively sent to only the parents of those students who self-reported the abuse or parents of students whose parents complained about the abuse. All students identified were fifth (5th) grade students in Amenta's classroom during the 2016-2017 school year.

24.     On information or belief, parents of fifth (5th) grade students who were subjected to the abuse who did not complain, and/or the students who failed to self-report the abuse were effectively excluded from receiving notice that the abuse took place, from attending the scheduled informational meeting, and receiving information regarding the urgency in seeking medical attention for the affected students.

25.     On information or belief, parents of fifth (5th) grade students enrolled in Dr. Oscar F. Loya Elementary for the 2017-2018 academic year, and other academic years anterior to 2016-2017, attending Defendant Amenta's fifth (5th) grade classroom were excluded from

receiving notice of the abuse, from attending the scheduled informational meeting, and receiving information regarding the urgency in seeking medical attention for the students.

## VI.   CLAIMS OF CLASS REPRESENTATIVE

26.     In this action, one or more members of PLAINTIFFS' CLASS may sue as representative parties on behalf of the class because all the following requirements are met: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

## VII.   CLASS ACTION ALLEGATIONS

27.     Plaintiffs bring this action on their own behalf, and on behalf of a class of all others similarly situated students and minor children and their parents under Rule 23 of Federal Rules of Civil Procedure. The class is defined as those persons up until the date of the class certification, or such other date as the Court may set, who were students and children who underwent an invasive medical procedure by a non-medically trained teacher while attending school at Dr. Oscar F. Loya Elementary without parental notice or consent, and the parents of said students and minor children.  The parents of said minor students and the minor students who were subjected to the unwanted and unauthorized medical procedure are collectively referred to as "CLASS PLAINTIFFS".

28.     On information and belief, Plaintiffs allege that the invasive medical procedure to which the children were subjected were done without notice to parents or parental consent, but with the knowledge, ratification, endorsement and approval of DEFENDANTS, and each of them, including Defendant AUSD.

## VIII.   RULE 23 PREREQUISITES

**A.  Numerosity:** The class is so numerous that joinder of all members is impracticable. There are potentially numerous presently unknown minors who have been the victims of this illegal medical procedure. When Plaintiffs ascertain the nature, extent and duration of Defendant Amenta's employment with DISTRICT, Plaintiffs will be able to investigate

and ascertain all minor students who were injured. Hence, joining all class members at this time would be extremely difficult, inconvenient and impracticable.

**B.** **Common Issues of Facts or Law:** There are questions of law or fact common to the class. The class members have all suffered the same injury, that is, all minor students were medically violated by DEFENDANTS, without their parents' consent.

**C.** **Typicality:** The claims of Plaintiffs Class Representatives are typical of the claims of all the class members. Plaintiffs Class Representatives have the same interests and have generally suffered the same type of injury as the rest of the class. There is a sufficient relationship between the injury to the Plaintiffs and the conduct affecting the class. The Plaintiffs were medically violated, without any notice to minors' parents, exposing minors to various potentially diseases and blood borne-pathogens. The injury to Plaintiffs was caused by the same illegal conduct suffered by all the class members, including the parents who suffer severe mental and emotional distress and worry about the health and welfare of their affected children.

**D.** **Maintenance and Superiority:** Management of the class action will not be difficult as all class members belong to the same state and the same county, and all the illegal conduct occurred in the same school district.

**DEFENDANT DISTRICT'S RATIFICATION, ADOPTION AND AUTHORIZATION**

29.          Defendant Alisal Union School District ("DISTRICT or AUSD") knew, or should have known, that Defendant Amenta had a propensity and proclivity for assaultive behavior toward students and minor children in his fifth (5th) grade class. He had performed the same unauthorized medical procedure for several years on many students in his class. The DISTRICT had witnessed his assaultive behavior and failed to take remedial action to protect the students by effectively disciplining and sanctioning Defendant Amenta.

30.          It is well established that when an employer ratifies the tortious conduct of an employee, he or she becomes "liable for the employee's wrongful conduct as a joint participant." *Fretland v. County of Humboldt*, 69 Cal. App. 4th 1478, 1489-1490 (1999). An employer who fails to discipline an employee after being informed of that employee's

improper conduct can be deemed to have ratified that conduct. *Hart v. National Mortgage & Land Co.*, 189 Cal. App. 3d 1420, 1430 (1987); *Iverson v. Atlas Pacific Engineering*,143 Cal. App. 3d 219, 228 (1983). According to the court in *Iverson*, if an employer is informed that an employee has committed an intentional tort and nevertheless declines to "censure, criticize, suspend or discharge" that employee, a claim can be made for ratification. *Id.*

"Ratification is the voluntary election by a person to adopt in some manner as his own an act which was purportedly done on his behalf by another person, the effect of which, as to some or all persons, is to treat the act as if originally authorized by him.  A purported agent's act may be adopted expressly or it may be adopted by implication based on conduct of the purported principal from which an intention to consent to or adopt the act may be fairly inferred, including conduct which is 'inconsistent with any reasonable intention on his part, other than that he intended approving and adopting it.' *Fretland*, supra 69 Cal. App. 4th 1491

31.      At all relevant times alleged herein, DISTRICT had actual and constructive knowledge of Defendant Amenta's assaultive and abusive behavior. DISTRICT has endorsed, ratified, and encouraged Defendant Amenta's' "out of control" behavior. DISTRICT failed to take any corrective action to protect the minor students and their parents from Defendant Amenta.

**FEDERAL CLAIMS:**

**FIRST CAUSE OF ACTION**
**Violation of Liberty 14th Amendment**
**Violation of Civil Right-42 U.S.C. § 1983**
**AGAINST ALL NON-ENTITY DEFENDANTS**

32.   CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

33.   Federal Law 42. U.S.C. §1983 provides in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress".

34.     The Fourteenth Amendment of the United States Constitution provides that no State shall "deprive any person of life, liberty, property without due process of law." U.S. Const. amend. XIV. The US Supreme Court has long recognized that the Amendment's Due Process clause includes a substantive component that provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 719-720 (1997). Among these protected fundamental rights and liberty interests is the right to family association which includes the right a parent has to make decisions concerning the care, custody, and control of his or her children. *See*, *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  *See also*, *Meyer v. Nebraska*, 262 U.S. 390, 399 (1923) (Holding that the Due Process clause includes the right of parents to "establish a home and bring up children" and "to control the education of their own"). "It is cardinal . . . that the custody, care and nurture of the child reside first in the parents, whose primary function and freedom include preparation for obligations the state can neither supply nor hinder." *Prince v. Massachusetts*, 321 U.S. 158, 166 (1944).

35.     DEFENDANTS intentionally violated Plaintiffs' constitutionally protected liberty interest which includes the right to make decisions regarding the care, custody and control of his or her children by concealing their knowledge of the dangerous practices employed by Defendant Amenta.

36.     Parents and children have a fundamental right to family association under the liberty interest of the 14th Amendment which includes the right to make important medical decisions for their children. *Mann v. Cnty of San Diego*, 147 F. Supp. 3d 1066, 1077 (2015); *see also*, *Santosky v. Kramer*, 455 U.S. 745, 753 (1982); *Pierce v. Soc'y of Sisters*, 268 U.S. 510 (1925).

37.     In failing to provide notice to Plaintiff Parents and obtain Plaintiff Parent consent before subjecting their minor fifth (5th) grade students to an invasive and potentially traumatic medical procedure, DEFENDANTS intentionally violated Plaintiff Parents' 14th

Amendment liberty interest which includes the right of parents to make important medical and educational decisions for their children.

38.     The law has historically recognized that natural bonds of affection lead parents to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 67 (2000). So long as a parent adequately cares for his or her children, there will normally be no reason for the State to inject itself into the private realm of the family to further question the ability of that parent to make the best decision concerning the rearing of that parent's children. *Id*. at 68-69.

39.     DEFENDANTS knew or should have known about the unsafe medical practices, including pricking the fingers of multiple students using a blood sugar testing device to extract blood from minor fifth (5th) grade students, happening on school premises for several years. In failing to take action to stop or correct defendant Amenta's abusive conduct, DEFENDANTS intentionally violated Plaintiff Parents' 14th Amendment liberty interest which includes the right to make decisions regarding the welfare of their children.

40.     For all conduct alleged in this complaint, DEFENDANTS, and each of them, acted under color of state law as employees and/or managing agents of Defendant DISTRICT and acting in their individual capacities and in carrying out official duties of Defendant DISTRICT.

41.     Students have an inalienable right to attend safe, secure and peaceful campuses because of the compulsory nature of education. Educ. Code §48200.  All DEFENDANTS had a duty under the education code to keep the children safe throughout the school day. A special relationship is formed between a school district and its students, resulting in the imposition of an affirmative duty on the school district to take all reasonable steps to protect its students. All students and staff of public primary, elementary, junior high, and senior high schools, and community colleges, colleges, and universities have the inalienable right to attend a campus which is safe, secure and peaceful.

42.     DEFENDANTS intentionally breached this duty by allowing teacher Defendant Henry Amenta's misconduct of pricking the fingers of numerous students using a blood

sugar testing device, piercing the skin, and extracting blood from minor fifth (5th) grade students without parental notice nor consent.

43.    In taking or failing to take the acts described more fully above, DEFENDANTS intentionally violated CLASS PLAINTIFFS' rights protected right of liberty and privacy under the United States Constitution and the California Constitution.

44.    As a direct and legal cause of the acts of DEFENDANTS, and each of them, Minor Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause Minor Plaintiffs great mental, physical, and nervous pain and suffering. Minor Plaintiffs are informed and believe and thereon allege that their physical injuries may result in some permanent disability. As a result of the injuries, Minor Plaintiffs have suffered general damages in an amount according to proof.

45.    As a legal cause of the acts of DEFENDANTS, Plaintiff Parents have been damaged in that they have been required to expend money and incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

46.    Plaintiff Parents are informed and believe and thereon allege that their children's physical injuries may result in some permanent disability. As a result of the injuries, Plaintiff Parents have suffered great mental, physical, and emotional pain and suffering caused by the anguish of concern for the health, safety, and wellbeing of their children. As a result, Plaintiff Parents have suffered general damages in an amount according to proof.

47.    DEFENDANTS' acts as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against only individual DEFENDANTS.

    Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**SECOND CAUSE OF ACTION**
Violation of Liberty 4th Amendment
**INVASION OF PRIVACY**
**42 U.S.C. § 1983**
**AGAINST DEFENDANT HENRY AMENTA**

48.    CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

49.    The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures," U.S. Const. amend. IV, and applies to the states through the Due Process Clause of the Fourteenth Amendment. "Testing a urine [and blood] sample, which "can reveal a host of private medical facts about an employee, [or student]" and which entails a process that "itself implicates privacy interests," is a search." [1]

50.    DEFENDANTS, and each of them, violated Minor Plaintiffs' privacy in violation of the Fourth Amendment of the United States Constitution by permitting teacher Defendant Henry Amenta to engage in the misconduct of pricking the fingers of numerous students using a blood sugar testing device, piercing the skin, and extracting blood from minor fifth (5th) grade students, without parental notice or consent.

51.    Defendant Henry Amenta intentionally pricked the fingers of Minor Plaintiffs, using the same needle repeatedly on multiple students, thereby exposing each student to blood-borne pathogens and any disease other students may have had, causing a life time of agony, worry, mental and emotional distress.

52.    DEFENDANTS knew, or should have known, that such unsafe health practices, including using the same pricking device repeatedly on different students and failing to inform their parents, would cause, and did cause, worry, anguish, mental, and severe emotional distress for CLASS PLAINTIFFS.

53.    As a direct and legal cause of the acts of DEFENDANTS, Minor Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems

---

[1]  *American Federation Of State, County And Municipal Employees Council 79, Richard Flamm, v. Rick Scott, in his official capacity as Governor of the State of Florida*, (May 2013, 11 Cir.) No. 12-12908, citing *Skinner v. Ry. Labor Execs.' Ass'n*, 489 U.S. 602 (1989), see also *Chandler v. Miller*, 520 U.S. 305, 313 (1997).

and persons, all of which have caused, and continue to cause, Minor Plaintiffs great mental, physical, and nervous pain and suffering. Minor Plaintiffs are informed and believe and thereon allege that the physical injuries they sustained will result in some permanent disability. As a result of the injuries, Minor Plaintiffs have suffered general damages in an amount according to proof.

54.    Plaintiff Parents are informed and believe and thereon allege that their children's physical injuries may result in some permanent disability. As a result of the injuries, Plaintiff Parents have suffered great mental, physical, and emotional pain and suffering caused by the anguish of concern for the health, safety, and wellbeing of their children. As a result, Plaintiff Parents have suffered general damages in an amount according to proof.

55.    As a legal cause of the acts of DEFENDANTS, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

56.    DEFENDANTS' acts as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against only individual DEFENDANTS.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

### THIRD CAUSE OF ACTION
**Violation of Civil Rights**
**MONEL ACTION**
**42 U.S.C. § 1983**
**AGAINST DISTRICT**

57.    CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

58.     Defendant AUSD's conduct and failures, as alleged above, toward CLASS PLAINTIFFS constitutes a policy, pattern, practice, and custom of violations of the Civil Rights Laws of the United States, specifically, 42 U.S.C. § 1983.

59.     Defendant AUSD knew, should have known, and had been informed for several years of Defendant Henry Amenta's illegal conduct, and for several years engaged in a pattern and practice of permitting Amenta to engage in the misconduct of pricking the fingers of multiple students using a blood sugar testing device, piercing the skin, and extracting blood from fifth (5th) grade students, without parental notification nor consent.

60.     Defendant AUSD knew and had been informed that Amenta intentionally pricked the fingers of Minor Plaintiffs, using the same needle repeatedly on multiple students, thereby exposing each student to blood-borne pathogens and any disease other students may have had, causing a life time of agony, worry, mental and emotional distress.

61.     Defendants knew or should have known that such unsafe health practices, including using the same pricking device repeatedly on different students and failing to inform their parents would cause, and did cause, worry, anguish, mental and severe emotional distress in CLASS PLAINTIFFS.

62.     As a direct and legal cause of the acts of Defendants, Minor Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, Minor Plaintiffs great mental, physical, and nervous pain and suffering. Minor Plaintiffs are informed and believe and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, Minor Plaintiffs have suffered general damages in an amount according to proof.

63.     Plaintiff Parents are informed and believe and thereon allege that their child's physical injuries may result in some permanent disability. As a result of the injuries, Plaintiff Parents have suffered great mental, physical, and emotional pain and suffering caused by the anguish of concern for the health, safety, and wellbeing of their children. As a result, Plaintiff Parents have suffered general damages in an amount according to proof.

64.     As a legal cause of the acts of DEFENDANTS, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**FOURTH CAUSE OF ACTION**
**FAILURE TO TRAIN/HIRE/SUPERVISE**
**42 U.S.C § 1983**
**AGAINST DISTRICT**

65.     CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

66.     CLASS PLAINTIFFS have a constitutional liberty interest under the 14th Amendment of the United States Constitution and under the California Constitution, Article I, Sections 1, 2 & 7 which create a "liberty interest", the right of "Safety, happiness and privacy", a "liberty of speech" and a "due process right" of all persons.

67.     For all conduct alleged in this complaint, DEFENDANTS, and each of them, acted under color of state law as employees and/or managing agents of Defendant municipal entities, and acting in their official duties. DEFENDANTS, and each of them, breached this affirmative duty on the school district to train, hire and supervise Defendant DISTRICT'S principal, teachers and staff to keep school children safe throughout the school day and to take all reasonable steps to protect its students by permitting teacher Defendant Henry Amenta to engage in the misconduct of pricking the fingers of several students using a blood sugar testing device (e.g. a device used by those with diabetes)", extracting blood from minor students, including 5th graders, without the permission of the students or parents.

68.     Defendant DISTRICT negligently trained, supervised, and hired Principal Defendant Diana Garcia, who negligently failed to take any corrective and protective action to stop Defendant Henry Amenta's misconduct of pricking the fingers of several students. Instead, Principal Defendant Diana Garcia negligently acquiesced, ratified, endorsed, encouraged and

promoted the pricking and extracting blood from minor students, and showed a deliberate indifference to the health, safety, and constitutional rights of CLASS PLAINTIFFS.

69.     As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

70.     As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

        Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**STATE CLAIMS:**

### FIFTH CAUSE OF ACTION
### NEGLIGENCE
### California Government Code §815.2
### AGAINST ALL DEFENDANTS

71.     CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

72.     California Government Code §815.2 provides that "[a] public entity is liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of his employment if the act or omission would, apart from this section, have given rise to a cause of action against that employee." (Cal. Gov. Code §815.2.) In addition, Government Code §820 provides that "a public employee is liable for injury caused by his act or omission to the same extent as a private person." (Cal. Gov. Code §820.)

73.     DEFENDANTS, and each of them, had a duty under the education code to keep the children safe throughout the school day. A special relationship is formed between a school

district and its students resulting in the imposition of an affirmative duty on the school district to take all reasonable steps to protect its students. All students and staff of public primary, elementary, junior high, and senior high schools, and community colleges, colleges, and universities have the inalienable right to attend campuses which are safe, secure and peaceful.

74.    DEFENDANTS, and each of them, breached this duty by permitting teacher Defendant Henry Amenta to engage in the misconduct of pricking the fingers of numerous students using a blood sugar testing device (e.g. a device used by those with diabetes)," extracting blood from minor students, including 5th graders, without the permission of the students or parents. Defendant Henry Amenta negligently and intentionally pricked the fingers of minor CLASS PLAINTIFFS, using the same needle repeatedly on multiple students, thereby exposing each student to any disease other students may have had, causing a life time of agony, worry, mental and emotional distress.

75.    Defendant Diana Garcia negligently failed to take any corrective and protective action to stop Defendant Henry Amenta's misconduct of pricking the fingers of numerous students. Instead, Defendant Diana Garcia negligently acquiesced, ratified, endorsed, encouraged and promoted the pricking and extracting blood from minor students, and showed a deliberate indifference to the health, safety, and constitutional rights of CLASS PLAINTIFFS.

76.    DEFENDANTS, and each of them, knew or should have known such unsafe health practices, including using the same pricking device repeatedly on different students and failing to inform their parents would cause and did cause worry, anguish, mental distress and severe emotional distress for CLASS PLAINTIFFS.

77.    As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe and thereon allege that their physical injuries will result in some

permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

78.     As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

### SIXTH CAUSE OF ACTION
### FAILURE TO TRAIN/HIRE/SUPERVISE
### Cal. Code Regs., tit. 5, §5551
### AGAINST ALISAL UNION SCHOOL DISTRICT

79.     CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

80.     Defendant DISTRICT had a duty under the education code to train, hire and supervise its principal, teachers and staff to keep school children safe throughout the school day. A special relationship is formed between a school district and its students, resulting in the imposition of an affirmative duty on the school district to take all reasonable steps to protect its students. All students and staff of public primary, elementary, junior high, and senior high schools, and community colleges, colleges, and universities have the inalienable right to attend campuses which are safe, secure and peaceful.

81.     Defendant DISTRICT breached this affirmative duty on the school district to train, hire and supervise its principal, teachers and staff  to keep school children safe throughout the school day and to take all reasonable steps to protect its students by permitting teacher Defendant Henry Amenta to engage in the misconduct of pricking the fingers of numerous students using a blood sugar testing device (e.g. a device used by those with diabetes)", extracting blood from minor students, including 5th graders, without the permission of the students or parents. Defendant Henry Amenta negligently and intentionally pricked the fingers of minor CLASS PLAINTIFFS, using the same needle repeatedly on multiple students, thereby exposing each student to any disease other students may have had, causing a life time of agony, worry, mental and emotional distress.

82.     Pursuant to Cal. Code Regs., tit. 5, §5551 a principal is responsible for the supervision and administration of his or her school. The purpose of the foregoing laws is to regulate students' conduct "so as to prevent disorderly and dangerous practices which are likely to result in physical injury to immature scholars".

83.     Defendant DISTRICT negligently trained, supervised, and hired Principal Defendant Diana Garcia, who negligently failed to take any corrective and protective action to stop Defendant Henry Amenta's misconduct of pricking the fingers of numerous students. Instead, Principal Defendant Diana Garcia negligently acquiesced, ratified, endorsed, encouraged and promoted the pricking and extracting blood from minor students, and showed a deliberate indifference to the health, safety, and constitutional rights of CLASS PLAINTIFFS.

84.     As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity, sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

85.     As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

## SEVENTH CAUSE OF ACTION
### ASSAULT
### AGAINST DEFENDANT HENRY AMENTA

86.     CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

87.     Defendant Henry Amenta's intentional illegal conduct, as hereinabove alleged, created in CLASS PLAINTIFFS apprehension, fear and distress of an immediate battery, constituting Assault.

88.     As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe, and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

89.     As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

90.     Defendants' acts as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against Defendant Henry Amenta.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

### EIGHTH CAUSE OF ACTION
### BATTERY
### AGAINST DEFENDANT HENRY AMENTA

91.     CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

92.     Defendant Henry Amenta's intentional illegal conduct, as hereinabove alleged, caused CLASS PLAINTIFFS to suffer unconsented-to touching, constituting a Battery.

93.    As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe, and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

94.    As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

95.    DEFENDANTS' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against Defendant Henry Amenta.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**NINTH CAUSE OF ACTION**
**FALSE IMPRISONMENT**
**AGAINST DEFENDANT HENRY AMENTA**

96.    CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

97.    Defendant Henry Amenta's intentional illegal conduct, as hereinabove alleged, created in CLASS PLAINTIFFS an inability to move freely and impeded their liberty, constituting False Imprisonment.

98.    As a direct and legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS were hurt and injured in their health, strength, and activity sustaining injury to

their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe, and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

99.     As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

100.    DEFENDANTS' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against Defendant Henry Amenta.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**TENTH CAUSE OF ACTION**
**CONCEALMENT**
**AGAINST DEFENDANTS DIANA GARCIA AND HENRY AMENTA**

101.    CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

102.    Defendants Diana Garcia and Henry Amenta actively concealed from the parents of minor CLASS PLAINTIFFS that Defendants Diana Garcia and Henry Amenta knew about, and were aware for several years of Defendant Henry Amenta's unsafe, unhealthy, and dangerous unauthorized practice of extracting the blood of minor CLASS PLAINTIFFS without the permission of their parents.

103.    As a direct and legal cause of the acts of Defendants Diana Garcia and Henry Amenta's active and illegal concealment, CLASS PLAINTIFFS were hurt and injured in

their health, strength, and activity sustaining injury to their nervous systems and persons, all of which have caused, and continue to cause, CLASS PLAINTIFFS great mental, physical, and nervous pain and suffering. CLASS PLAINTIFFS are informed and believe and thereon allege that their physical injuries will result in some permanent disability. As a result of the injuries, CLASS PLAINTIFFS have suffered general damages in an amount according to proof.

104.    As a legal cause of the acts of DEFENDANTS, and each of them, CLASS PLAINTIFFS have been damaged in that they have been required to expend money and to incur obligations for medical services and drugs reasonably required in the treatment and relief of the injuries herein alleged.

105.    DEFENDANTS' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure Class Plaintiffs and to cause them mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages against Defendants Diana Garcia and Henry Amenta for active concealment.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

**ELEVENTH CAUSE OF ACTION**
**INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**AGAINST DEFENDANTS DIANA GARCIA AND HENRY AMENTA**

106.    CLASS PLAINTIFFS incorporate by reference herein the preceding paragraphs of the complaint as though set forth here in full.

107.    Defendants Diana Garcia and Henry Amenta's conduct, as hereinabove alleged, including the intentional concealment of Defendant Henry Amenta's conduct of extracting blood from minor CLASS PLAINTIFFS was intentional, extreme and outrageous and showed deliberate and conscious disregard of the safety and health of CLASS PLAINTIFFS.

108.   Defendants Diana Garcia and Henry Amenta knew or should have known and acted with reckless disregard of the probability that their intentional conduct would cause CLASS PLAINTIFFS severe emotional distress.

109.   As a direct and legal cause of Defendants Diana Garcia and Henry Amenta's outrageous conduct, CLASS PLAINTIFFS have suffered and continue to suffer severe emotional distress.

110.   Defendants' acts, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure CLASS PLAINTIFFS and to cause them mental anguish, anxiety, and distress. Defendants' acts were done in conscious disregard of the risk of severe emotional harm to CLASS PLAINTIFFS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling CLASS PLAINTIFFS to punitive damages.

Wherefore, CLASS PLAINTIFFS pray for judgment as more fully set forth below.

## **PRAYER FOR RELIEF**

Wherefore, CLASS PLAINTIFFS pray for judgment against DEFENDANTS and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For reasonable attorney's fees and cost of suit therein;

5. For punitive damages against Defendants Diana Garcia And Henry Amenta

6. For statutory penalties and any other statutory relief;

7. For such other and further relief as the court may deem proper.

8. CLASS PLAINTIFFS hereby demand a trial by jury.

DATED: January 3, 2018          **RESPECTFULLY SUBMITTED**
                                 **THE LAW OFFICES OF BONNER & BONNER**


By: /s/*Charles A. Bonner*
    Charles A. Bonner
    Attorney for Plaintiffs