1
2
3 **UNITED STATES DISTRICT COURT**
4 **NORTHERN DISTRICT OF CALIFORNIA**
5 **SAN JOSE DIVISION**
6

7  MARIO V., et al.,                              Case No.  18-cv-00041-BLF
8                Plaintiffs,
9       v.                                        **ORDER RE MOTIONS TO DISMISS THE COMPLAINT**
10  ALISAL UNION SCHOOL DISTRICT, et              [Re:  ECF 19, 20]
    al.,
11
                Defendants.
12

13       This putative class action was filed after a fifth grade teacher performed blood sugar

14  testing on elementary school students without their parents' knowledge or consent.  The teacher,

15  Defendant Henry Armenta, allegedly offered his students Gatorade in exchange for staying after

16  class and allowing him to extract their blood by means of a finger-prick.  Armenta, who was not

17  medically trained, allegedly used the same needle on multiple students.

18       Based on these startling allegations, several of Armenta's students and their parents filed

19  suit against Armenta; the school where the conduct occurred, Dr. Oscar F. Loya Elementary

20  School; the school principal, Diana Garcia; and Alisal Union School District.  Before the Court are

21  two motions to dismiss, the first brought by the District, Dr. Oscar F. Loya Elementary School,

22  and Garcia under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), and the second brought

23  by Armenta under Rule 12(b)(6).

24       For the reasons discussed below, the former motion is GRANTED WITHOUT LEAVE

25  TO AMEND as to the District, Dr. Oscar F. Loya Elementary School, and Garcia in her official

26  capacity, and GRANTED IN PART AND DENIED IN PART, WITH LEAVE TO AMEND, as to

27  Garcia in her individual capacity.  The latter motion is GRANTED IN PART AND DENIED IN

28  PART, WITH LEAVE TO AMEND, as to Armenta.

# I.    INTRODUCTION[1]

Plaintiffs are students and parents of students who attended public school at Dr. Oscar F. Loya Elementary School ("the School") in Salinas, California.  At the time of the events giving rise to this lawsuit, Defendant Armenta taught fifth grade at the School and Defendant Diana Garcia was the School's principal.  The School is located within Defendant Alisal Union School District.

Plaintiffs allege that during the 2016-2017 and 2017-2018 school years, and during some prior years, Defendant Armenta told students "that he would give them free Gatorade in exchange for staying after school and subjecting themselves to blood sugar testing."  Compl. ¶ 14, ECF 1.  "Minor plaintiffs stayed after school where Armenta performed the unauthorized and illicit medical procedure."  *Id.*  Armenta used "the same needle repeatedly on multiple students, thereby exposing each student to any disease other students may have had."  Compl. ¶ 15.  Armenta "at no time provided notice to parents nor obtained parental consent before conducting the medical procedure."  Compl. ¶ 16.

Garcia "knew, should have known, and was informed that" Armenta had been extracting blood from fifth grade students for several years.  Compl. ¶ 17.  On February 9, 2017, Garcia sent a letter to parents stating that the District had been notified that a teacher at the School allegedly had pricked the fingers of several students using a blood sugar testing device, and advising the parents to have their children tested for blood-borne pathogens such as Hepatitis and HIV.  Compl. ¶ 22.

Plaintiffs filed this suit on behalf of themselves and similarly situated students and parents. They assert the following claims under federal and state law:  (1) § 1983 claim against Armenta and Garcia under the Fourteenth Amendment; (2) § 1983 claim against Armenta under the Fourth Amendment; (3) § 1983 claim against the District under *Monell*[2]; (4) § 1983 claim against the

---

[1] Plaintiffs' well-pled factual allegations are accepted as true for purposes of the motion to dismiss under Rule 12(b)(6).  *See Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011).

[2] *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658 (1978).

District for failure to train, hire, and supervise; (5) negligence claim against all Defendants; (6) claim for failure to train, hire and supervise against the District; (7) assault claim against Armenta; (8) battery claim against Armenta; (9) false imprisonment claim against Armenta; (10) concealment claim against Armenta and Garcia; and (11) intentional infliction of emotional distress against Armenta and Garcia. In their prayer for relief, Plaintiffs seek damages and statutory penalties only; they do not seek injunctive relief. Compl. Prayer.

## II. MOTION TO DISMISS BROUGHT BY DISTRICT, SCHOOL, AND GARCIA

The District seeks dismissal of all claims asserted against it, and against Garcia in her official capacity, under Rule 12(b)(1) on the basis that the claims are barred by the Eleventh Amendment. Garcia seeks dismissal of all claims asserted against her in her individual capacity under Rule 12(b)(6) for failure to state a claim. And finally, the District seeks dismissal of the School on the ground that it is not a distinct entity subject to suit.

### A. District and Garcia in her Official Capacity

"The Eleventh Amendment bars suits which seek either damages or injunctive relief against a state, an 'arm of the state,' its instrumentalities, or its agencies." *Franceschi v. Schwartz*, 57 F.3d 828, 831 (9th Cir. 1995) (citation omitted). A state may waive its immunity and, in some circumstances, Congress may abrogate it by legislation. *Virginia Office for Protection and Advocacy v. Stewart*, 131 S.Ct. 1632, 1638 (2011). Absent such waiver or legislation, the state is absolutely immune from suit in federal court. *Id.* That immunity extends to damages claims against state officials acting in their official capacities, whether such claims are grounded in federal or state law. *Pena v. Gardner*, 976 F.2d 469, 473 (9th Cir. 1992). The Eleventh Amendment does not, however, bar claims asserted against the state officials acting in their personal capacities. *Id.* at 472-32.

The District and Garcia, to the extent sued in her official capacity, seek dismissal of all claims against them under Rule 12(b)(1) for lack of subject matter jurisdiction. An Eleventh Amendment defense "is quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 (9th Cir. 2017). The District clearly is entitled to Eleventh Amendment immunity based on the Ninth Circuit's

unequivocal statement in *Sato* that "California school districts . . . remain arms of the state and continue to enjoy Eleventh Amendment immunity." *Id.* at 934. That immunity extends to Garcia, a District employee, to the extent she is sued in her official capacity. *See Pena*, 976 F.2d at 473. Plaintiffs' arguments based on decisions evaluating the status of school districts in states other than California are misplaced. *See, e.g., Lytle v. Carl*, 382 F.3d 978, 989 (9th Cir. 2004) (Nevada); *Lisman v. Wisley*, 940 F.2d 1535 (9th Cir. 1991) (Oregon).

Accordingly, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to the District and Garcia in her official capacity, WITH PREJUDICE as to the § 1983 claims and WITHOUT PREJUDICE as to the state law claims.

### B.    Garcia in her Individual Capacity

To the extent Garcia is sued in her individual capacity, she seeks dismissal of all claims under Rule 12(b)(6) for failure to state a claim upon which relief may be granted.

Plaintiffs' sole federal claim against Garcia is asserted in Claim 1, alleging that Garcia deprived Plaintiffs of liberty interests guaranteed under the Fourteenth Amendment, including parents' rights to make medical decisions regarding their children and students' rights to be protected from harm while at school. Compl. ¶¶ 32-47. Plaintiffs allege that Garcia knew and should have known about Armenta's conduct but failed to take action to stop the conduct. Compl. ¶¶ 17, 39. "A supervisor is liable under § 1983 for a subordinate's constitutional violations if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Maxwell v. Cty. of San Diego*, 708 F.3d 1075, 1086 (9th Cir. 2013) (internal quotation marks and citation omitted). The Court thus is satisfied that Plaintiffs' § 1983 claim is adequately alleged. The Court is unpersuaded by Garcia's argument that the claim is insufficient absent an allegation as to precisely *when* Garcia learned of Armenta's conduct. *See* Defs.' Motion at 12, ECF 19. Garcia cites no authority in support that argument, and in the Court's view that level of detail is not required at the pleading stage with respect to a § 1983 claim.

The motion to dismiss therefore is DENIED as to Claim 1 with respect to Garcia in her individual capacity.

Plaintiffs' state law claims against Garcia are Claim 5 for negligence, Claim 10 for

concealment, and Claim 11 for intentional infliction of emotional distress. Garcia correctly points out that the state law claims are subject to dismissal because they are torts and Plaintiffs have not alleged compliance with the California Tort Claims Act. "The California Tort Claims Act ('TCA') requires a party seeking to recover money damages from a public entity or its employees to submit a claim to the entity before filing suit in court, generally no later than six months after the cause of action accrues." *Bilbo v. Cty. of Alameda, California*, No. 17-CV-00932-JST, 2017 WL 4024649, at *10 (N.D. Cal. Sept. 13, 2017). In certain circumstances, minors may be entitled to an extension of the six month deadline to submit a tort claim. *See Perez v. City of Escondido*, 165 F. Supp. 2d 1111, 1115-16 (S.D. Cal. 2001). "Where compliance with the Tort Claims Act is required, the plaintiff must allege compliance or circumstances excusing compliance," or the claims are subject to dismissal. *Mangold v. California Pub. Utilities Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995) (internal quotation marks and citation omitted). Plaintiffs have alleged neither compliance with the TCA nor circumstances excusing compliance. While Plaintiffs address those issues in opposition to the motions to dismiss, the Court's role in evaluating the Rule 12(b)(6) motion is limited to determining whether the allegations of the complaint are adequate to state a claim. The Court therefore will dismiss the state law claims with leave to amend so that Plaintiffs may satisfy the applicable pleading requirements.

Additionally, the Court concludes that as to Garcia, Claim 10 for concealment is not alleged with sufficient particularity. "The required elements for fraudulent concealment are: (1) concealment or suppression of a material fact; (2) by a defendant with a duty to disclose the fact to the plaintiff; (3) the defendant intended to defraud the plaintiff by intentionally concealing or suppressing the fact; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she had known of the concealed or suppressed fact; and (5) plaintiff sustained damage as a result of the concealment or suppression of the fact." *Graham v. Bank of Am., N.A.*, 226 Cal. App. 4th 594, 606 (2014). Fraudulent concealment claims must meet the pleading requirements of Federal Rule of Civil Procedure 9(b). *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662 (9th Cir. 1999) (applying Rule 9(b) to fraudulent concealment claim). While Plaintiffs' general allegations regarding Garcia's knowledge of Armenta's conduct are sufficient

to state a claim under § 1983, those allegations are not sufficient to satisfy Rule 9(b). It is the Court's view that in order to satisfy that heightened pleading standard, Plaintiffs must allege facts showing that Garcia knew that Armenta was conducting blood sugar testing on students and concealed that fact from parents. Claim 11 for intentional infliction of emotional distress is wholly dependent on Claim 10. Accordingly, Claims 10 and 11 are subject to dismissal on this additional basis.

The motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 5, 10, and 11 against Garcia in her individual capacity.

### C. School

Finally, the District seeks dismissal of Dr. Oscar F. Loya Elementary School on the basis that the school is not a distinct entity subject to suit. Plaintiffs concede that the school itself is not a proper defendant. See Pls.' Opp. at 13, ECF 24.

Accordingly, the motion to dismiss is GRANTED WITHOUT LEAVE TO AMEND as to Dr. Oscar F. Loya Elementary School.

## III. MOTION TO DISMISS BROUGHT BY ARMENTA

Plaintiffs' claims against Armenta include Claims 1 and 2 asserted under § 1983, Claim 5 for negligence, Claim 7 for assault, Claim 8 for battery, Claim 9 for false imprisonment, Claim 10 for concealment, and Claim 11 for intentional infliction of emotional distress. Armenta seeks dismissal of all of the state law claims under Rule 12(b)(6). His motion does not address the federal § 1983 claims.

Like Garcia, Armenta asserts that all of the state law claims are subject to dismissal because they are torts and Plaintiffs have not alleged compliance with the California Tort Claims Act. Armenta is correct on this point for the reasons discussed above, and the Court will dismiss the state law claims against him on this basis.

The Court is not persuaded, however, by Armenta's alternative arguments that Plaintiffs have failed to allege a statutory basis for their claims or that Plaintiffs have failed to plead concealment with the particularity required by Rule 9(b). The statutory basis for Plaintiffs' claims is alleged in paragraph 72 of the complaint. Moreover, while the Court has determined that

6

Plaintiffs' allegations regarding Garcia's knowledge of Armenta's conduct are insufficient to satisfy Rule 9(b), Armenta himself is alleged to have conducted the blood sugar testing and therefore is specifically alleged to have had the requisite knowledge of wrongdoing.

Accordingly, based solely on Plaintiffs' failure to allege compliance with the CTA or excuse for noncompliance, Armenta's motion to dismiss is GRANTED WITH LEAVE TO AMEND as to Claims 5, 7, 8, 9, 10, and 11.

## IV. ORDER

(1) With respect to the motion to dismiss brought by the District, Dr. Oscar F. Loya Elementary School, and Garcia, the motion is:

    (a) GRANTED WITHOUT LEAVE TO AMEND as to the District and Garcia in her official capacity, WITH PREJUDICE as to the § 1983 claims and WITHOUT PREJUDICE as to the state law claims;

    (b) DENIED as to Claim 1, and GRANTED WITH LEAVE TO AMEND as to Claims 5, 10, and 11, as to Garcia in her individual capacity; and

    (c) GRANTED WITHOUT LEAVE TO AMEND as to Dr. Oscar F. Loya Elementary School.

(2) With respect to the motion to dismiss brought by Armenta, the motion is GRANTED WITH LEAVE TO AMEND as to Claims 5, 7, 8, 9, 10, and 11.

(3) Any amended complaint shall be filed on or before October 1, 2018.

(4) Leave to amend is limited to the defects addressed in this order; Plaintiffs may not add parties or claims without prior leave of the Court.

Dated: August 3, 2018

_____

BETH LABSON FREEMAN
United States District Judge