United States District Court
Northern District of California

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MARIO V., et al.,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>HENRY ARMENTA, et al.,<br><br>　　　　Defendants. | Case No. 18-cv-00041-BLF<br><br>**ORDER VACATING HEARING ON MOTIONS TO DISMISS; AND DENYING MOTIONS**<br><br>[Re: ECF 48, 49] |

Henry Armenta and Diana Garcia, the two remaining defendants, have filed separate motions to dismiss the operative second amended complaint ("SAC") for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *See* Armenta's Motion, ECF 48; Garcia's Motion, ECF 49. The Court finds the motions to be appropriate for disposition without oral argument and therefore VACATES the hearing set for April 25, 2019. The motions are DENIED for the reasons discussed below.

This putative class action arises from blood sugar testing done on students at Dr. Oscar F. Loya Elementary School without the knowledge or consent of the students' parents. In the original complaint, Plaintiffs – comprising the students who were tested and their parents – asserted claims under 42 U.S.C. § 1983 and state law against the teacher who performed the testing, Henry Armenta; the school principal, Diana Garcia; the school; and the Alisal Union School District. *See* Compl., ECF 1. All defendants filed Rule 12(b) motions to dismiss. *See* Prior Motions, ECF 19, 20. The motions were granted in part and denied in part, after which Plaintiffs filed a first amended complaint and later, by stipulation, the operative SAC. *See* Order Re Motions to Dismiss the Complaint, ECF 40.

In the SAC, Plaintiffs have dropped all but Claims 1 and 2 of the original compliant, both asserted under § 1983. *See* SAC, ECF 44. Claim 1, which is asserted against both Armenta and Garcia, asserts a deprivation of liberty interests protected by the Fourteenth Amendment, including parents' rights to make medical decisions regarding their children and students' rights to be protected from harm while at school. Claim 2, which is asserted only against Armenta, asserts a deprivation of privacy interests protected by the Fourth Amendment. Armenta and Garcia move to dismiss those claims under Rule 12(b)(6). However, as explained below, their motions are precluded by Federal Rule of Civil Procedure 12(g)(2).

Rule 12(g)(2) provides that, "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). "A defendant who omits a defense under Rule 12(b)(6) – failure to state a claim upon which relief can be granted – does not waive that defense." *In re Apple Iphone Antitrust Litig.*, 846 F.3d 313, 317-18 (9th Cir. 2017). However, "a defendant who fails to assert a failure-to-state-a-claim defense in a pre-answer Rule 12 motion cannot assert that defense in a later pre-answer motion under Rule 12(b)(6)." *Id*. at 318. "If a failure-to-state-a-claim defense under Rule 12(b)(6) was not asserted in the first motion to dismiss under Rule 12, Rule 12(h)(2) tells us that it can be raised, but only in a pleading under Rule 7, in a post-answer motion under Rule 12(c), or at trial." *Id*.

Armenta and Garcia both brought prior Rule 12(b) motions to dismiss. Armenta could have, but did not, assert that Claims 1 and 2 fail to state a claim under Rule 12(b)(6). Instead, Armenta attacked only the state law claims in his first Rule 12(b)(6) motion. *See* Armenta's Prior Motion, ECF 20. Garcia's first motion did argue failure to state a claim with respect to Claim 1, but not on the grounds currently asserted. *See* Garcia's Prior Motion, ECF 19. In her first motion, Garcia argued that Claim 1 was deficient because it did not allege precisely when Garcia learned of Armenta's conduct. *See id.* The Court denied Garcia's motion to dismiss Claim 1 on that basis. *See* Order Re Motions to Dismiss the Complaint, ECF 40. Garcia now raises new grounds for dismissal of Claim 1, which she could have raised in her first motion.

2

In *In re Apple Iphone Antitrust Litig.*, the order on appeal had addressed a successive Rule 12(b)(6) motion on the merits. After observing that such a motion is precluded by Rule 12(g)(2), the Ninth Circuit nonetheless concluded that it "should generally be forgiving of a district court's ruling on the merits of a late-filed Rule 12(b)(6) motion." *Id*. at 319. The Ninth Circuit found that there were practical reasons which supported the district court's decision to consider the successive Rule 12(b)(6) motion on the merits, and stated that "any error by the district court in considering the motion on the merits was harmless." *Id*. at 320. Some district courts have taken that language to mean that despite the plain text of Rule 12(g)(2), district courts retain discretion to consider a successive Rule 12(b)(6) motion. *See, e.g., Harrell v. City of Gilroy*, No. 17-CV-05204-LHK, 2019 WL 452039, at *8-9 (N.D. Cal. Feb. 5, 2019). Even assuming that to be true, this Court declines to exercise its discretion to consider Defendants' successive Rule 12(b)(6) motions. Plaintiffs filed their original complaint more than a year ago, and Defendants' first motions to dismiss were litigated more than eight months ago. The issues now raised by Defendants could have, and under the Federal Rules should have, been litigated then. Defendants have not offered any explanation as to why they failed to raise their current failure-to-state-a-claim defenses in their first motions to dismiss, or why Plaintiffs should be prejudiced by potential delay in litigating those defenses at this late date.

Accordingly, Defendants' motions to dismiss the SAC under Rule 12(b)(6) are DENIED.

Dated: April 17, 2019

_____
BETH LABSON FREEMAN
United States District Judge