CHARLES A. BONNER, ESQ.  SB# 85413
A. CABRAL BONNER, ESQ. SB# 247528
**LAW OFFICES OF BONNER & BONNER**
475 GATE FIVE RD, SUITE 212
SAUSALITO, CA 94965
TEL: (415) 331-3070
FAX: (415) 331-2738
cbonner799@aol.com
cabral@bonnerlaw.com

ATTORNEYS FOR PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO V.; GERALDINE JULIE B.; I.G.V., a minor by and through Guardian At Litem, MARIO V.; OSCAR G.; CHRISTINA G.; O.D.G., a minor by and through Guardian At Litem, CHRISTINA G.; Y.P., a minor by and through Guardian At Litem, CHRISTINA G.; HUGO P.; ALICIA P.; A.P.H., a minor by and through Guardian At Litem, ALICIA P., and other Similarly Situated Plaintiffs,<br><br>Plaintiffs,<br><br>vs.<br><br>ALISAL UNION SCHOOL DISTRICT, OSCAR F. LOYA ELEMENTARY SCHOOL, HENRY AMENTA, DIANA GARCIA, AND DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No.: 18-CV-00041-BLF<br><br>CLASS ACTION<br><br>**PLAINTIFFS' PETITION FOR APPROVAL SETTLEMENT FOR NAMED MINOR PLAINTIFFS**<br><br>Date: June 2, 2022<br>Time: 9:00 A.M.<br>Courtroom: Courtroom 3 – 5th Floor<br>Judge: Honorable Beth Labson Freeman |

NOTICE OF MOTION AND MOTION
TO: THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

**PLEASE TAKE NOTICE** that on June 2, 2021, at 9:00 A.M., or as soon thereafter as the matter may be heard in the above-entitled court, located at United States District Court, courtroom 3 – Fifth Floor, 280 South 1st St., San Jose, CA 95113, Plaintiffs MARIO V.; GERALDINE JULIE B.; I.G.V., a minor by and through Guardian At Litem, MARIO V.; OSCAR G.; CHRISTINA G.; O.D.G., a minor by and through Guardian At Litem, CHRISTINA G.; Y.P., a minor by and through Guardian At Litem, CHRISTINA G.; HUGO P.; ALICIA P.; A.P.H., a minor by and through Guardian At Litem, ALICIA P. ("Plaintiffs"), will and hereby do move the Court for an order (i) approving the settlement on behalf of the named minor plaintiffs pursuant to Federal Rule of Civil Procedure 23(e).

This Motion is made, pursuant to Federal Rule of Civil Procedure 23(e), on the grounds that:

a) This Court dismissed the ALISAL UNION SCHOOL DISTRICT and Principal Diana Garcia from the action, making it impracticable to ascertain the potential class members;

b) Defendant Armenta has no resources from which to pay a class-wide settlement or judgment;

c) The Parties sent notice to many potentially affected families and received no responses;

Plaintiffs' Motion is based upon this Notice, the accompanying Memorandum of Points and Authorities, the supporting declarations and exhibits of evidence, any reply memorandum Plaintiffs file, the orders, pleadings, and files in this action, and such other matters as may be presented at or before the hearing.

Dated: March 28, 2022

RESPECTFULLY SUBMITTED
LAW OFFICES OF BONNER & BONNER

By: */s/ Charles A. Bonner*
Charles A. Bonner
Attorney for Plaintiffs

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This is a case was brought as a Class Action by students, minor children and their parents for constitutional, federal, and State Law violations. Plaintiffs brought the action on behalf of themselves, and others similarly situated. From 2011 until his resignation in 2017, Defendant Henry Armenta made a practice of pricking his students' fingers, often without changing the lancet he used and conducting nonconsensual blood sugar tests. Defendant Armenta performed this test on dozens of students over the course of six years. All of Armenta's acts were done without parental consent, in direct violation of state, federal and constitutional law.

During the litigation, this Court dismissed Defendant Alisal Union School District pursuant to a motion to dismiss and Defendant Diana Garcia pursuant to a motion for summary judgment.

Mr. Armenta lost his job following the incident at issue in this matter. Mr. Armenta has provided a declaration under oath that he has no financial resources from which he can pay a class-wide settlement or judgment.

### I.     PROCEDURAL BACKGROUND

Plaintiffs filed their complaint on January 2, 2018. Defendants Alisal Union School District, Diana Garcia, and Henry Armenta filed a motions to dismiss on April 5, 2018 (ECF Doc 19 and 20). The Court issued an order on Defendants' Motions to dismiss on August 3, 2018, dismissing Defendant Alisal Union School District (ECF Doc 40). Plaintiff filed a Second Amended Complaint on November 1, 2018 (ECF Doc 44). Defendants filed motions to dismiss Plaintiffs' Second Amended Complaint (ECF Doc 45 and 48). On April 17, 2019, the Court denied the motions to dismiss (ECF Doc 58). On May 1, 2019, all Defendant's filed answers (ECF Doc 59 and 60).

During discovery, Plaintiffs propounded discovery from Defendant Diana Garcia regarding the names and addresses of students who had Mr. Armenta as a teacher. (Bonner Dec ¶ 4) Defendant Garcia objected to the request on privacy grounds. (Bonner Dec ¶ 4) On September 17, 2019, Magistrate Judge DeMarchi held a hearing with the parties regarding the discovery dispute.

1  Thereafter, the parties agreed to employ a modified version of the Belaire-West notice process to
2  notify the parents of the Plaintiffs' requests and provide the parents with an opportunity to consent
3  to the disclosure of the information requested. (ECF Docs 55, 56, 62, 63, 67, 72). (Bonner Dec ¶
4  4)
5  Pursuant to the parties' stipulation, Defendant Garcia's counsel drafted a letter to provide
6  the parents of Armenta's former students notice of the finger pricking, and the option to provide
7  consent for the District to release their information to Class counsel.  (Bonner Dec ¶ 5, Ex 1.) Due
8  to several delays, including the COVID 19 pandemic, the letter was not mailed to the potential
9  class members until January 8, 2021. (Bonner Dec ¶ 6) Plaintiffs did not receive any signed
10 Consent to Disclosure forms from the parents of Mr. Armenta's former students. (Bonner Dec ¶
11 8).
12 On February 24, 2021, Defendant Garcia filed a Motion for Summary Judgment (ECF Doc
13 73).  On February 25, 2021, Defendant Henry Armenta joined Defendant Garcia's Motion for
14 Summary Judgment. (ECF Doc 74).  On March 29, 2021, Plaintiff's filed a motion to certify the
15 class.  (ECF Doc 79).
16 On May 12, 2021, the Court granted Defendant Garcia's Motion for Summary Judgment
17 and denied Defendant Armenta's Motion for Summary judgment (ECF Doc # 84).  On May 20,
18 2021, the Court issued a judgment in favor of Defendant Diana Garcia only (ECF Doc # 86 and
19 87).
20 On September 9, 2021, the parties engaged in a settlement conference held before
21 Magistrate Judge Virginia K. DeMarchi.  (ECF Doc # 96) Prior to the settlement conference,
22 Defendant Armenta provided a declaration regarding his financial condition.  (Bonner Dec ¶ 9)
23 Mr. Armenta indicated in his declaration that he had very limited financial resources. (Bonner Dec
24 ¶ 9) Further, in conversations with Defendant Armenta's counsel, it was not clear how the parties
25 would obtain the names and addresses of the putative class members.  (Bonner Dec ¶ 9)
26 Counsel for Mr. Armenta informed Plaintiffs' counsel of Mr. Armenta's intention to file
27 for bankruptcy protection if the parties could resolve the lawsuit. (Bonner Dec ¶ 10) Through
28 further negotiations, the parties reached a settlement on behalf of the named plaintiffs only.

(Bonner Dec ¶ 11) Defendant Armenta and the Minor's parents agreed to settle the case for $4,000 total. (Bonner Dec ¶ 11)

On January 28, 2022, the parties submitted a request to vacate all dates including the pending hearing on Plaintiffs' class certification. (ECF Doc # 111)

## II.   SETTLEMENT APPROVAL

Due to the procedural background set forth above, Plaintiffs seek Court approval of a settlement on behalf of named plaintiffs only. Fed Rules Civ Proc R 23 (e) states the following: "The claims, issues, or defenses of a certified class—or a class proposed to be certified for purposes of settlement—may be settled, voluntarily dismissed, or compromised only with the court's approval." Plaintiffs do not seek class certification and do not seek a resolution that impacts the rights of any putative class members. Due to Mr. Armenta's financial situation, the Plaintiffs have agreed to settle the case for $4,000 to be paid to the named minor plaintiffs.

Given the circumstances, this settlement is reasonable. Based on Mr. Armenta's declaration, he is not financially able to pay more than the amount of the negotiated settlement. Given the reality of Mr. Armenta's ability to satisfy any potential judgment, it is reasonable for the parties to settle this matter for an amount that Mr. Armenta is willing and able to pay.

Since the settlement does not impact the rights of the putative class, the Court should approve the petition and not require notice to the putative class. Fed Rules Civ Proc R 23 (e)(1) requires the parties to provide the court with sufficient information to enable the court to determine whether to give notice to the proposal. Attached to this petition is the proposed settlement agreement and release of claims to be signed by the plaintiffs. See Bonner Dec Ex. 2. The agreement explicitly states that it is between Plaintiffs MARIO V.; GERALDINE JULIE B.; I.G.V., a minor by and through Guardian ad Litem, MARIO V.; OSCAR G.; CHRISTINA G.; O.D.G., a minor by and through Guardian ad Litem, CHRISTINA G.; Y.P., a minor by and through Guardian ad Litem, CHRISTINA G.; HUGO P.; ALICIA P.; and A.P.H., a minor by and through Guardian ad Litem, ALICIA P. (collectively "Plaintiffs") and Defendant HENRY ARMENTA ("Defendant"). The putative class members are not named nor are they bound by the release.

All putative class members have received notice of this action and had the opportunity to contact counsel regarding the matter. (Bonner Dec ¶¶ 4-8) As discussed above, Counsel for Diana Garcia sent a letter to the parents of Mr. Armenta's former students advising them of the finger pricking and the pending lawsuit. See Bonner Dec Ex 2. Following the notice, no parents responded providing consent to release information to class counsel. (Bonner Dec ¶ 8) Given the notice to the putative class, the lack of response, and the fact that the putative class members are not releasing any rights, the current settlement is appropriate and should be approved without requiring notice to the class.

### III.   MINORS COMPROMISE

Plaintiffs further request that the court approve the settlement for the Minors in this case. The "court in which a minor's claims are being litigated has a duty to protect the minor's interests." *Salmeron v. United States*, 724 F.2d 1357, 1363 (9th Cir. 1983). Consequently, "a court must independently investigate and evaluate any compromise or settlement of a minor's claims to assure itself that the minor's interests are protected, even if the settlement has been recommended or negotiated by the minor's parent or guardian ad litem." Id. *Prudential Ins. Co. of Am. v. Contreras* (C.D.Cal. Aug. 7, 2020, No. 2:19-cv-00606-ODW (PLAx)) 2020 U.S.Dist.LEXIS 257667, at *5.) The $4,000 settlement will be divided equally among the four minor plaintiffs with each receiving $1,000. No funds will be paid to the plaintiff parents. No funds will be deducted for attorney's fees or costs. Each minor's guardian ad litem will open a blocked trust account and plaintiffs' counsel will deposit the settlement funds into the accounts when received from the defendant.

Plaintiffs request an order approving this settlement for the minors and authorizing the minors' guardians ad litem to sign the settlement release on behalf of their children. Finally, Plaintiffs request that this Court sign an order requiring that the minors' banking institutions block access to the bank accounts of the minors until they reach eighteen.

### V. CONCLUSION

Based on the foregoing, the Court should approve the proposed settlement on behalf of the named plaintiffs only without the requirement of notice to the putative class.

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: March 28, 2022 | **RESPECTFULLY SUBMITTED** |
| 3 | | **LAW OFFICES OF BONNER & BONNER** |
| 4 | | |
| 5 | | By: */s/ Charles A. Bonner* |
| 6 | | Charles A. Bonner |
| | | Attorney for Plaintiffs |