UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MARIO V., et al.,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>HENRY ARMENTA,<br><br>　　　　　Defendant. | Case No. 18-cv-00041-BLF<br><br>**ORDER GRANTING PLAINTIFFS' PETITION FOR APPROVAL OF SETTLEMENT FOR NAMED MINOR PLAINTIFFS; AND VACATING JUNE 2, 2022 HEARING**<br><br>[Re: ECF 112] |

　　　　Before the Court is Plaintiffs' Petition for Approval of Settlement for Named Minor Plaintiffs. *See* Pet., ECF 112. Defendant Henry Armenta has filed a Statement of Non-Opposition. *See* Def.'s Statement of Non-Opp., ECF 113. The Court finds the Petition suitable for determination without oral argument. *See* Civ. L.R. 7-1(b). The June 2, 2022 hearing on the Petition is VACATED. The Petition is GRANTED for the reasons discussed below.

　　　　After Armenta, a teacher, performed blood sugar testing on students without their parents' consent, several students and parents filed this putative class action against Armenta and others. *See* Compl., ECF 1. Although Plaintiffs sent notice of the suit to potentially affected families, they received no responses. *See* Bonner Decl. ¶¶ 4-8, ECF 112-1. After motion practice, Armenta is the only defendant remaining in the case. Given the lack of response from potential class members, and Armenta's limited financial resources, Plaintiffs have entered into a settlement with Armenta as to their individual claims only. *See* Bonner Decl. ¶ 11. Under the settlement, Armenta will pay $1,000 to each of the four minor Plaintiffs for a total of $4,000. *See id.* ¶ 12 & Exh. 2. No funds from the settlement will be deducted for payment of costs or attorneys' fees. *See id.* The parties have agreed that once the settlement is finalized, they will submit a stipulation for dismissal of the suit.

Although this suit was filed as a putative class action, no class has been certified and Plaintiffs have agreed to settlement of their individual claims only.  Consequently, Federal Rule of Civil Procedure 23(e)'s requirement of court approval for settlement of a certified class does not apply.  *See* Fed. R. Civ. Proc. 23(e), Advisory Comm. Notes to 2003 Amendment (The "rule requires approval only if the claims, issues, or defenses of a *certified class* are resolved by a settlement, voluntary dismissal, or compromise."); *Valenzuela v. Mauser USA, LLC*, No. 1:20-cv-00094-NONE-SAB, 2021 WL 916412, at *1 (E.D. Cal. Mar. 10, 2021) (internal quotation marks and citation omitted) ("Rule 23(e) does not apply to settlements or dismissals that occur before class certification.").  The Court's approval is required for the proposed compromise of the minor Plaintiffs' claims, however.  "District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  The district court's inquiry is limited to considering whether each minor plaintiff's recovery is "fair and reasonable." *Id*. at 1182.  The Court is satisfied that the settlement is in the minor Plaintiffs' best interests and that the proposed distribution of $1,000 to each minor is fair and reasonable under the circumstances.

The Court will issue the proposed order submitted by Plaintiffs, approving the minors' compromise and directing that the settlement funds be deposited in to a blocked account for each minor, concurrently with the present order.

**ORDER**

(1)   Plaintiffs' Petition for Approval of Settlement for Named Minor Plaintiffs is GRANTED;

(2)   Plaintiffs' proposed Order on Plaintiffs' Petition for Approval of Settlement for Named Minor Plaintiffs will issue concurrently with the present order; and

(2)   This order terminates ECF 112.

Dated:  May 24, 2022

BETH LABSON FREEMAN
United States District Judge

2